## KNECHT v. CASTLEMAN RIVER R. CO.

### No. 8921.

District Court, W. D. Pennsylvania.

April 9, 1938.

See, also, 25 F.Supp. 652.

Shaver & Heckman, of Somerset, Pa., for plaintiff.

Stonecipher & Ralston, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

■ Defendant has filed an affidavit of defense raising questions of law. This, in effect, is a demurrer to plaintiffs' statement of claim. The question, therefore, is: Does the statement of claim set forth, with sufficient certainty, a good cause of action against the defendant. Briefly summarized, the statement of claim, as amended, discloses the following facts as the basis of its cause of action.

The plaintiff owns and operates a foundry and a machine-shop at West Salisbury, Pennsylvania, and as a part of his plant has a locomotive shed which he uses for the purpose of caring for and servicing railroad locomotives. The defendant employed the plaintiff to inspect, certify and repair a locomotive for defendant at his said shed, with the assistance of defendant's train crew, with the understanding that it was the duty of defendant, its agents and employees, to bring said locomotive to plaintiff's shed, clearing it of all fire at a point at least two hundred and fifty feet from said shed. On August 21, 1936, at about 2:45 P. M., defendant's crew brought said locomotive to the shed, removing the fire or most of the fire from the fire-box of the locomotive at about two hundred fifty feet from the shed, and then running the locomotive into the shed over the pit for the purpose of having it inspected by the plaintiff, stating to him they had thoroughly taken care of the locomotive, had wetted it down, had placed and left it in a safe condition, had closed the shed, and he need do nothing with the locomotive till the Monday morning following, unless contrary orders were given in the meantime. About 3:45 that afternoon, plaintiff discovered fire in the locomotive shed, and upon making an immediate examination, discovered that the cab of the locomotive was a mass of flames inside; that the fire originated in the cab and was spreading to the frame sidewall of the shed. Plaintiff and his employees made every possible effort to check the spread of the fire; but it was then beyond control and destroyed plaintiff's main buildings and a great amount of valuable machinery and equipment. Plaintiff alleges that the fire and consequent loss to him were due to negligence on the part of the defendant, its agents and employees, in not removing all the fire and inflammable material from the locomotive before placing it in plaintiff's shed.

■ On these facts, without more, we are of the opinion that the plaintiff cannot recover. When the locomotive came into his shed, he became a bailee of the property for hire, and was in duty bound to exercise ordinary care. There is no allegation that he did anything to protect this property. It is apparent from the letter, Exhibit A, attached to the amended statement of claim, as the contract under which the locomotive was originally placed in control of the plaintiff for servicing, that there was a duty imposed on the plaintiff to see that the train crew do all the hostlering necessary to care for the locomotive to prevent fire and freezing. There is no allegation in the statement of claim that the plaintiff did anything to care for the locomotive when it came to his shed.

The affidavit of defense raising questions of law will therefore be sustained; but plaintiff will be allowed twenty days to file an amended statement of claim.