## KNECHT v. CASTLEMAN RIVER R. CO.
### No. 8921.

District Court, W. D. Pennsylvania.
Nov. 16, 1938.

Shaver & Heckman, of Somerset, Pa., for plaintiff.

Stonecipher & Ralston, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This case was originally before the court on defendant's affidavit of defense raising questions of law as to plaintiff's original statement of claim. In an opinion filed April 9, 1938, 25 F.Supp. 650, we held that this statement of claim did not state a good cause of action against defendant, and allowed plaintiff to file an amended statement of claim. This the plaintiff did, and thereupon the defendant filed an affidavit of defense raising questions of law under the Pennsylvania Practice Act, 12 P.S.Pa. § 471. This affidavit was filed before the effective date of the Federal Rules of Civil Procedure, rule 86, 28 U.S.C.A. following section 723c, but the case was argued thereafter. This affidavit of defense raising questions of law is the equivalent of a motion to dismiss for failure to state a claim upon which relief can be granted under the new rules. We shall therefore consider the affidavit of defense raising questions of law as a motion to dismiss for failure to state a claim upon which relief can be granted.

The facts stated in the original statement of claim are briefly summarized in our opinion of April 9, 1938, and need not be repeated here. The new averments brought in by the amendment may be briefly stated as follows:

Immediately upon the placement of defendant's locomotive in plaintiff's shed for inspection, the train crew left the shed and went to plaintiff's adjacent machine shop. Whereupon, the plaintiff's foreman, at the direction of plaintiff, went to the locomotive shed and examined the locomotive, and shed. He found therein, at that time, no fire or cause for fire. Immediately thereafter, the locomotive crew of defendant returned to the shed to finish their work on said locomotive, one or more of them at that time smoking a cigarette or cigarettes, and remaining in the shed for about five minutes.

The negligence charged in the amended statement is that the defendant and its employees were negligent in placing and having in said locomotive at the start of the fire a lighted cigarette or cigarettes, or other cause of fire which ignited inflammable materials in the locomotive.

The amendment does not change the legal situation of the plaintiff as a bailee for hire, bound to exercise ordinary care over the bailor's property while in his care. What work defendant's employees did in and about the locomotive after it was brought to the plaintiff's shed for servicing was under plaintiff's supervision. If the

employees of the defendant went into plaintiff's locomotive shed with lighted cigarettes when they should not have done so, that was the concern of the plaintiff, who was in full control of his own shed and property placed therein for his inspection. If there is any negligence in this case, it is that of the plaintiff and not that of defendant. If there was any fire-producing cause, it was the duty of the plaintiff to guard against it with due and ordinary care. See Murren v. Hopper, 72 Pitts.Leg.J. 565; Zell v. Dunkle, 156 Pa. 353, 27 A. 38.

We therefore conclude that no claim has been stated by plaintiff upon which relief may be granted. Therefore the action must be dismissed. An order may be submitted accordingly.